## DIVORCE UNDER CONSTRUCTIVE SERVICE.

Circuit Court of Cuyahoga County.

CELIA EPSTEIN v. ABRAHAM EPSTEIN.

Decided, June 14, 1909.

*Divorce—Service by Publication—Section 5355, Revised Statutes, Does Not Apply.*

Section 5355, Revised Statutes, which provides for the opening up of judgments obtained on constructive service does not apply to divorce decrees.

WINCH, J.; HENRY, J.. and MARVIN, J., concur.

This is a proceeding in error to review a judgment of the common pleas court refusing to set aside a decree of divorce, alleged to have been obtained through fraud and perjury, and without proper service upon the defendant in the original action.

As to service, it seems that the defendant was living in New York City, notice of the pendency of the action was properly published and the clerk mailed a copy of the newspaper containing the notice to the defendant at her proper address, postage prepaid.

The requirement of Section 5693, Revised Statutes, that when the residence of the defendant is known a summons and a copy of the petition shall be deposited in the post office, directed to the defendant at her place of residence, was not complied with.

It is said that the plaintiff in error was entitled to the relief she prayed for under favor of Section 5355, Revised Statutes, which reads as follows:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened, and be let in to defend; but before the judgment or order can be opened, the applicant shall give notice to the adverse party of his intention to make the application and shall file a full answer to the petition, pay all costs. if the court require them to be paid. and make it appear,

to the satisfaction of the court, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; and each party may present affidavits.''

The application of this section to divorce cases is expressly held by the Circuit Court of the Fifth Circuit in the case of *Mulligan* v. *Mulligan*, 11 C.C.(N.S.), 585, but this court held the contrary in the case of *Solomon* v. *Solomon*, 4 C.C.(N.S.), 321, and we are not disposed to change our ruling, until the Supreme Court establishes a contrary doctrine and itself overrules the case of *Parish* v. *Parish*, 9 O. S., 534.

Even if Section 5355 is applicable to divorce cases, plaintiff in error did not comply with it, and so the common pleas court committed no error in denying her application. She failed to file a full answer to the petition and from her own testimony, which we find in the bill of exceptions, full of contradictions and exhibiting an utter disregard for truthfulness, and the admonitions of conscience, the court might well have found that she had actual knowledge of the pendency of the divorce case in time to appear in court and make her defense.

Judgment affirmed.